UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LANCE DAVIS,<br><br>Defendant. | Case No. 1:18-cr-00046-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. OVERVIEW

Pending before the Court is Defendant Michael Davis' objection to the Presentence Investigation Report's designation of him as an armed career criminal under 18 U.S.C. § 924(e). Dkt. 26. As outlined below, the Court finds that Davis' conviction for delivery of a controlled substance under Idaho Code § 37-2732(a)(1)(A) constitutes a serious drug offense within the meaning of the Armed Career Criminal Act ("ACCA"). Accordingly, Davis' objection is OVERRULLED, his designation as an armed career criminal stands, and he will receive the appropriate enhancement.

# II. BACKGROUND

On February 14, 2018, the Grand Jury indicted Davis on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one

MEMORANDUM DECISION AND ORDER - 1

count of distribution of marijuana in violation of 21 U.S.C. 841(a)(1). Dkt. 1. On May 15, 2018, Davis entered a guilty plea to counts one and two of the Indictment and agreed to the drug forfeiture contained in the Indictment. Dkt. 20.

On July 2, 2018, the United States Probation Office issued its Initial Presentence Investigation Report ("PSR") recommending an adjusted offense level of 30 and a four-point enhancement for having at least three prior felonies of either a crime of violence or a serious drug offense. The probation officer classified Davis as an armed career criminal under 18 U.S.C. § 924(e). Dkt. 30 at 5. Combined with the three-points in reductions for accepting responsibility and timely notifying authorities of his intention to enter a guilty plea, the Probation Office recommended Davis receive a total offense level of 31.

Davis objected to his designation as an Armed Career Criminal arguing that his Idaho conviction for Delivery of a Controlled Substance under §37-2732(a)(1)(A) does not categorically qualify as a "serious drug offense" within the meaning of the ACCA.

The government responded, arguing that a conviction under Idaho Code §37-2732(a)(1)(A), delivery of a controlled substance, is an offense involving the distribution of a controlled substance which qualifies as a "serious drug offense" under the ACCA and asking that Davis' objection be overruled. The United States Probation Office addressed Davis' objection in an Addendum to the PSR but did not make any changes to the original PSR calculations.

The Court was originally scheduled to sentence Davis on November 20, 2018. After hearing oral argument from both parties, the Court continued the sentencing to

issue a written decision on Davis' objection. Here, the Court addresses the designation of Davis as an Armed Career Criminal.

## III. LEGAL STANDARD

The ACCA imposes a fifteen-year mandatory minimum sentence on individuals convicted of being felons in possession of a firearm who have three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802) ), for which a maximum term of imprisonment of ten years or more is prescribed by law. . . .

18 U.S.C. § 924(e)(2)(A).

## IV. DISCUSSION

When determining whether a prior conviction constitutes one of the crimes listed in the enumerated offense clause, courts utilize the "categorical approach" and "modified categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016). Under the categorical approach, the Court compares the elements of the state statute of conviction to the generic federal definition of a controlled substance offense.

Davis argues that Idaho's delivery of a controlled substance statute does not categorically qualify under the ACCA as a "serious drug offense." Davis cites to *Sandoval v. Sessions*, 866 F.3d 986, 989 (9th Cir. 2017) and asserts that because Idaho's delivery statute is overbroad (because it includes even the mere act of solicitation) the whole statute cannot qualify as a federal drug offense.[1]

The government counters that *Sandoval* does not include an expanding modifier, such as "involving." *See* 18 U.S.C. § 924(c)(2). In short, the government alleges that the word "involving," as found in 18 U.S.C. 924(e)(2)(A)(ii), establishes that the ACCA encompasses offenses that are related to and/or connected with distribution of a controlled substance—including even something like aiding and abetting or solicitation.

Davis, however, argues that a recent Ninth Circuit opinion, *United States v. Franklin*, 904 F.3d 793 (9th Cir. 2018), defeats the government's central statutory construction argument. The Court in *Franklin* explained the difference between "involved" and "related to." Ultimately, in that case, the Ninth Circuit found that the State of Washington's statutes were too broad to encompass a federal equivalent because the state statute required a different *mens rea* than that which was required at the federal level. There is a footnote in *Franklin*, however, that bolsters the government's argument

---

[1] In other words, Davis argues that because he was convicted under a statute that includes multiple crimes (some that have federal equivalents, and some that do not) it is not fair to assume that he was convicted of something *that would* be considered a federal crime and apply the enhancement. The problem with this argument, however, is that Davis was convicted under a specific subsection (37-2732(a)(1)(A)) and that subsection *does not* include solicitation. Other subsections in this chapter appear to (such as 37-2732(h)), but the one that Davis was actually convicted of does not.

MEMORANDUM DECISION AND ORDER - 4

in this case. After citing numerous out of Circuit cases that equate "involving" and "relating" the *Franklin* Court explained that:

> "[T]hose decisions do not address how the term 'involving' affects the accomplice liability implied into the 'serious drug offense' definition, no matter how broadly that generic crime is otherwise interpreted because of the 'involving' predicate. So none addresses the issue before us or conflicts with the result we reach."

904 F.3d 793, n.9. In the Government's estimation, this distinguishes Davis' situation and does not require that they read Davis' conduct—however big or small it might have been—out of the crime itself.[2] The crime *which Davis pled guilty to* is a serious drug offense and even though there are portions of that crime which *might*[3] not have a federal equivalent, any distinction has been written out (either by the Ninth Circuit's footnote or Idaho caselaw).

The situation before the Court today is fundamentally different than that which was presented in *Franklin*. In *Franklin*, the Court imposed a limitation because the *mens rea* was different between the State statute and its federal equivalent. In Idaho, however, that is not the case. *See* Idaho Code 18-2001; Idaho Criminal Jury Instruction 311 ( "the law makes no distinction between a person who directly participates in the acts

---

[2] Importantly, Davis has not presented any persuasive arguments or authority that would allow the Court to overlook his actual conviction and instead assess and evaluate his underlying conduct that lead to that conviction. The Court will not begin such a precedent.

[3] Because the Court finds that there is no distinction in Idaho, there is no need to determine if there is a unique federal equivalent. Said differently, because Idaho considers the *mens rea* of a principle or accomplice the same in these types of drug offenses—after all, solicitation is a separate crime that the State can charge people with—the *whole statute* is a serious drug offense and comports with the ACCA.

MEMORANDUM DECISION AND ORDER - 5

constituting a crime and a person who either before or during its commission, intentionally aids, assists, facilitates, promotes, encourages, counsels, solicits, invites, helps or hires another to commit a crime with intent to promote or assist in its commission. Both can be found guilty of the crime"). Furthermore, in *State v Johnson*, 145 Idaho 970 (2008), Idaho abolished the distinction between principals and aiders and abettors and instead treats aiding and abetting as a theory under which the crime can be proved and not as a separate offense or a crime of a different nature. In this way, Idaho law is consistent with the analysis in *Franklin*.

In this case, the Court finds that Idaho Code § 37-2732 does qualify as a serious drug offense as defined in the ACCA in that it is "an offense under State law, *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" 18 U.S.C. § 924(e)(2)(A) (emphasis added), and that even if the Court were to look further in the statute and address solicitation,[4] there is no meaningful difference in Idaho. The enumerated crimes have a federal counterpart and the statute is not overly or impermissible broad.

---

[4] The Court understands Davis' argument, but it simply does not apply in this context because Davis was not convicted of a solicitation crime in the first instance. Even though other sections of the statute under which Davis was charged appear to be related to solicitation, there is 1) no distinction in Idaho between the two; 2) even if there were, the general idea of "involving" as explained in *Franklin* and other Circuits would allow that provision (and therefore the whole statute) in under the ACCA; but 3) even assuming neither 1 or 2 above were true, such would not necessarily change things for Davis. The Court understands the principles of divisibility and the proper categorical approach to determining these issues—in essence Davis' legal arguments—but *looking at this specific case*, were the Court to accept Davis' argument, it would essentially write out Davis' crime and conduct because of a different subsection's purported failure to comport with a federal statute. This outcome would be the preverbal example of throwing the baby out with the bathwater.

MEMORANDUM DECISION AND ORDER - 6

## V. CONCLUSION

Davis was convicted of violating Idaho Code § 37-2732(a)(1)(A), not Idaho Code § 37-2732(h), Idaho Code § 18-204, or some other "solicitation" type crime. The categorical approach requires "assessing whether the full range of conduct covered by a statute falls within the pertinent term." *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009). Here, the conduct enumerated in Idaho Code § 37-2732 meets that test. Accordingly, the Court finds that the probation officer relied on the statute of conviction and correctly determined that it met the definition of a serious drug offense under the ACCA.

## VI. ORDER

The Court HEREBY ORDERS:

1. Davis' objection to the Presentence Investigation Report's designation of him as an armed career criminal is OVERRULED. Davis' conviction for Delivery of a Controlled Substance under Idaho Code § 37-2732(a)(1)(A) constitutes a "serious drug offense."

DATED: January 4, 2019

David C. Nye
Chief U.S. District Court Judge